UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

| | |
|---|---|
| In re<br><br>DAVID CAMEO,<br><br>    Debtor.<br><hr><br>AMAZON.COM SERVICES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID CAMEO, an individual,<br><br>    Defendant. | Chapter 7<br><br>Case No. 1-21-41803-JMM<br><br><br>Adversary No.<br><br><br>CREDITOR AMAZON'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

Creditor Amazon.com Services LLC ("Amazon"), by and through its undersigned counsel, makes this complaint to object to the dischargeability of debt owed by David Cameo ("Cameo") to Amazon pursuant to 11 U.S.C. § 523(a)(2) and states and alleges as follows:

## NATURE OF THE ACTION

1. David Cameo exploited Amazon's marketplace and reputation to defraud customers by offering high-priced items in Amazon's store, but he shipped low-priced junk to the customers and disappeared with the customer's money. Amazon spent more than $2.1 million refunding customers who were the victims of Cameo's fraud. Amazon sought to recover those funds from Cameo in arbitration, but Cameo filed the above-captioned bankruptcy matter, staying the arbitration and attempting to discharge his liability to Amazon. Because Cameo's scheme involved fraud and misrepresentation to Amazon's customers and Amazon, his liability cannot be discharged pursuant to 11 U.S.C. § 523(a)(2)(A).

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PARTIES

4. Amazon is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon is a creditor and party-in-interest in the chapter 7 case in the U.S. Bankruptcy Court for the Eastern District of New York styled *In re David Cameo*, Case No. 1-21-41803.

5. Cameo is an individual, and the chapter 7 debtor in *In re David Cameo*, Case No. 1-21-41803.

## FACTS

**A. David Cameo made false representations to Amazon.**

6. Cameo is the sole owner of Jersey Cameras 2, Inc. ("Jersey Cameras 2) which is the alter ego for Cameo.

7. On or about September 11, 2015, Cameo and Jersey Cameras 2 registered the SUPER-SAVINGS seller account on Amazon.com, which purported to sell electronic items such as drones, cameras and laptops.

8. On or about July 31, 2018, Cameo and Jersey Cameras 2 registered the Lightning Savings seller account on Amazon.com, which purported to sell the same types of electronic items stated above.

9. By registering these third-party accounts with Amazon, Cameo and Jersey Cameras 2 acknowledged and agreed to the Business Solutions Agreement ("BSA").

10. The BSA incorporated additional relevant terms and policies that govern the use of Amazon's services. A copy of Amazon's current BSA is attached as *Exhibit A*.

11. The BSA establishes a seller's rights and obligations under Amazon's A-to-z Guarantee program. Ex. A, S-3.2. Amazon's A-to-z guarantee program protects customers when they purchase items sold on Amazon that are fulfilled by third-party sellers. It covers both the timely delivery and condition of the item. If a customer finds either unsatisfactory, or if the item never arrives, the customer can report the issue to Amazon and Amazon will determine whether the customer is eligible for a refund.

12. Amazon in turn informs a given third-party seller that it received claim under the A-to-z Guarantee program. In response, the third-party seller must provide Amazon, among other things, proof of fulfillment of the product. If the third-party seller fails to provide this information or if the issue is not otherwise resolved, the third-party seller must "promptly reimburse" Amazon for the "amount of the customer purchase (including the Purchase Price, all associated shipping and handling charges and all taxes ...)."

13. In addition to discussing the A-to-z Guarantee program, the BSA also requires Amazon sellers, including Respondents, to commit that "any information provided or made available" by them to Amazon "is at all times accurate and complete." Ex. A ¶ 5.

14. The BSA also incorporates Amazon's Program Policies. One of Amazon's Program Policies, which Respondents acknowledged and agreed to, is its "Selling Policies and Seller Code of Conduct" policy, which provides that Respondents must, among other things: i) "never misrepresent yourself," ii) "always act in a manner that ensures a trustworthy experience for Amazon customers," iii) "never list products that may cause harm to Amazon customers," and iv) "never engage in any misleading [behavior], ... including but not limited to ...

communication between you and Amazon or you and our customers." The Code of Conduct further provides that Cameo and Jersey Cameras 2 may not act unfairly, which is specifically defined to include "behavior that could be deemed as manipulation or 'gaming' of any part of the buying or selling experience."

15. Another one of Amazon's Program Policies, which Cameo and Jersey Cameras 2 acknowledged and agreed to, is its "Prohibited seller activities and actions" policy, which provides that "operating and maintaining multiple Seller Central accounts is prohibited."

**B.    David Cameo and Jersey Cameras 2 failed to meet their obligations under the BSA and defrauded Amazon and its customers.**

16. Cameo and Jersey Cameras 2 were engaged in a coordinated and systematic scheme to deceive and harm Amazon and its customers. Through this scheme, they defrauded Amazon of millions of dollars and repeatedly violated the BSA and Amazon's Program Policies.

17. Cameo and Jersey Cameras 2 opened at least two Amazon Seller accounts. Cameo and Jersey Cameras 2 used these seller accounts to defraud Amazon and its customers through a scheme involving hit and run fraud.

18. In 2018, Cameo and Jersey Cameras 2 escalated their hit and run fraud. Cameo and Jersey Cameras 2 began listing for sale on Amazon.com high value electronic items, like drones, cameras, and laptops, but instead shipped customers ordering those items low value products. As an example, one customer ordered a drone for $369.00 from Cameo and Jersey Cameras 2, but they instead shipped the customer a USB bracelet.

19. When customers complained to Cameo and Jersey Cameras 2 about the products they received, Cameo and Jersey Cameras 2 were either unresponsive or evasive. In either

event, Cameo and Jersey Cameras 2 consistently failed to supply customers with the products they ordered and did not honor customers' requests for refunds.

20. As a result of Cameo and Jersey Cameras 2 misrepresentations and failure to honor customers' refunds stemming from fraudulent sales, Amazon had to pay at least $2.1 million in A-to-z claims.

**C.     Jersey Cameras 2 Was Cameo's Alter Ego.**

21. Cameo is the sole officer, director, and shareholder of Jersey Cameras 2.

22. Jersey Cameras 2 has one bank account, and Cameo is the sole signatory on that bank account.

23. During discovery of the arbitration against Cameo and Jersey Cameras 2, Amazon requested documents sufficient to demonstrate the existence of corporate meetings. Jersey Cameras 2 produced only two meeting resolutions with signature spots for Cameo.

24. Amazon also requested documents sufficient to illustrate the capitalization and assets of Jersey Cameras 2, such as its general ledgers, annual balance sheets, etc. No such records existed beyond the bank account statements for Jersey Cameras 2. The bank records produced (which were missing the key month of December 2018) demonstrate that, each month, Cameo withdrew from the Jersey Cameras 2 bank account the amounts that were disbursed from Amazon.

**D.     Amazon filed an arbitration against Cameo and Jersey Cameras 2 for the unpaid balance owed under the A-to-z Guarantee Program.**

25. On October 16, 2019, Amazon filed an arbitration demand for damages for breach of contract, fraud, negligent misrepresentation, and unjust enrichment against Cameo, Jersey Cameras 2, and AJ BH Solutions, Inc.

26. On October 28, 2020, Amazon filed an amended arbitration demand for damages for breach of contract, fraud, negligent misrepresentation, and unjust enrichment against Cameo and Jersey Cameras 2.

27. Cameo appeared in the arbitration filed by Amazon and later filed a civil action in New York state court to obtain a ruling that arbitration is improper. The court denied Cameo's petition, which he appealed.

28. In the May 10, 2021 Order, the Arbitrator granted the following adverse inferences with respect to the relationship between Cameo and Jersey Cameras 2:

    a. Jersey Cameras 2, Inc. was not adequately capitalized, supporting the need to pierce the corporate veil.

    b. Each month, David Cameo withdrew all money from the Jersey Cameras 2 bank account and transferred it to accounts under his personal control.

    c. Jersey Cameras 2 failed to maintain general ledgers, annual balance sheets, or other routine accounting documents.

29. Subsequently, Cameo filed his bankruptcy case on July 13, 2021. As a result of the bankruptcy filing, nothing further has occurred in the pending arbitration against Cameo and Jersey Cameras 2.

### FIRST CAUSE OF ACTION
### NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. 523(A)(2)(A)

30. Amazon incorporates by reference the foregoing allegations.

31. The BSA is a valid, binding, and subsisting agreement.

32. As an alter-ego of Jersey Cameras 2, and under theories of veil-piercing and secondary liability, Cameo is bound by the BSA and may be held liable for the outstanding obligations owed and incurred by Jersey Cameras 2.

33. Cameo owned and operated Jersey Cameras 2, and supervised and controlled its affairs. Cameo personally participated in and had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct.

34. To sell products on Amazon.com, Cameo represented and warranted to Amazon that he was providing accurate and complete information about the products he listed for sale and that he would fulfill customer orders in accordance with the applicable order information.

35. Cameo made false representations to Amazon by failing to provide accurate listing information for the products sold on Amazon's store and by failing to ship customers the products ordered.

36. Cameo also agreed to "promptly accept, calculate, and process cancellations, returns, refunds, and adjustments" in accordance with the BSA and to accept responsibility for "any non-performance, non-delivery, misdelivery, … or other mistake in connection with the fulfillment" their orders.

37. Cameo falsely misrepresented that he would comply with these provisions of the BSA, as he failed to refund customers or take responsibility for his failure to ship customers the ordered items.

38. Cameo further agreed to "hold harmless" Amazon for any "cost, expense, or other liability" arising from or related to Respondents' "actual or alleged breach of any obligations" in the BSA and from the "offer, sale, performance, and fulfillment" of Cameo and Jersey Cameras 2's products and to reimburse Amazon for any A-to-z Guarantee refunds. Cameo falsely misrepresented that he would comply with these provisions of the BSA. He

failed to reimburse Amazon for the $2.1 million in A-to-z Guarantee refunds it paid to customers as a result of Cameo's failure to ship the items ordered by customers.

39. These representations were material because absent the representations, Amazon would not have agreed to let Cameo sell on Amazon's store.

40. Cameo intended that Amazon rely on his representations, knew that the representations were false, and made the representations to induce Amazon to allow Cameo to sell on Amazon's store

41. Amazon justifiably relied on Cameo's false representations in approving his registration to sell on Amazon's store.

42. Cameo's misrepresentations to Amazon were made for the purpose of facilitating a fraudulent scheme to defraud Amazon and its customers. Cameo falsely represented that he would comply with Amazon's seller policies. Cameo then failed to supply customers with the products they ordered and did not honor customers' requests for refunds.

43. Amazon has fulfilled all of its obligations to Cameo and/or Jersey Cameras 2.

44. Amazon has sustained damages as a result of Cameo's false representations and fraudulent scheme, including the amount of customer refunds that remains unpaid to Amazon, which as of the petition date, was not less than $2,183,162.40.

45. The debt owed to Amazon is non-dischargeable as it is a debt for money, property, or services that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Section 523(a)(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully requests that the Court enter judgment:

1. Determining that Amazon's claim against David Cameo is non-dischargeable under 11 U.S.C. § 523(a)(2)(A);

2. Liquidate Amazon's claim and enter a judgment in its favor and against David Cameo for sums owing to Amazon as a result of David Cameo's fraudulent conduct; and

3. Granting Amazon's such other relief as the Court deems appropriate.

Dated: New York, New York
October 12, 2021

DAVIS WRIGHT TREMAINE LLP

By *<u>/s/ Hugh McCullough</u>*

John M. Magliery, Esq.
Hugh McCullough, Esq.
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
212-489-8230
johnmagliery@dwt.com
hughmccullough@dwt.com

*Attorneys for Amazon.com Services LLC*